IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Linda Agard, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 12 C 2536 |
| ) | |
| Credit Control, LLC, a Missouri limited ) | |
| liability company, and United Debt ) | |
| Holdings, LLC, a Delaware limited ) | |
| liability company, ) | |
| ) | |
| Defendants. ) | Jury Demanded |

**COMPLAINT**

Plaintiff, Linda Agard, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Linda Agard ("Agard"), is a citizen of the State of Virginia, from whom Defendants attempted to collect a delinquent consumer debt owed for a JC Penney account, despite the fact that she was represented by the legal aid attorneys at

the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Credit Control, LLC ("Credit Control"), is a Missouri limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. In fact, Credit Control was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, United Debt Holdings, LLC ("United"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. United operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

6. Defendant United is a debt scavenger that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then tries to collect through other debt collectors, like Defendant Credit Control.

7. Both Defendants, Credit Control and United, are authorized to conduct business in Illinois, and maintain registered agents here, <u>see</u>, records from the Illinois Secretary of State, attached as Group Exhibit <u>A</u>. In fact, both Credit Control and United conduct business in Illinois.

8. Both Defendants, Credit Control and United, are licensed as debt collection agencies in the State of Illinois. <u>See</u>, records from the Illinois Division of

Professional Regulation, attached as Group Exhibit B. In fact, both Credit Control and United act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

9. Ms. Agard is a disabled woman with limited assets and income, who fell behind on paying her bills. At some point in time, Defendant United bought Ms. Agard's JC Penney's debt after she defaulted on this debt, and when Defendants began trying to collect it from Ms. Agard, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

10. On June 1, 2011, one of Ms. Agard's attorneys at LASPD informed Defendants, in writing, that Ms. Agard was represented by counsel, and directed Defendants to cease contacting her, and to cease all further collection activities because Ms. Agard was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

11. Nonetheless, Defendants sent a collection letter, dated January 27, 2012, directly to Ms. Agard, in which they continued to demand payment of the JC Penney debt. A copy of this letter is attached as Exhibit D.

12. Accordingly, on March 29, 2012, Ms. Agard's LASPD attorney had to send Defendants an additional letter, again directing them to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit E.

13. All of Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendants' collection communications are to be interpreted under the

"unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communication And Cease Collections

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

17. Here, the letter from Ms. Agard's agent, LASPD, told Defendants to cease communications and to cease collections (Exhibit C).  By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

18. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows that the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

21. Defendants knew that Ms. Agard was represented by counsel in connection with her debt because her attorneys at LASPD had informed Defendants, in writing (Exhibit C), that she was represented by counsel, and had directed Defendants to cease directly communicating with Ms. Agard.  By directly sending Ms. Agard the January 27, 2012 letter (Exhibit D), despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

22. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C.  § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Linda Agard, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Agard, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Linda Agard, demands trial by jury.

Linda Agard,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated:  April 6, 2012

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com